**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DARLENE PINTO, : <br> : <br> Plaintiff, : <br> : Civ. Action No. 04-5945 (JAG) <br> v. : <br> : **OPINION** <br> COMMISSIONER OF SOCIAL : <br> SECURITY ADMINISTRATION, : <br> : <br> Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

**INTRODUCTION**

Plaintiff Darlene Pinto seeks review of the Commissioner of Social Security's ("the Commissioner") decision denying her applications for Supplemental Security Income Benefits and Disability Insurance Benefits, pursuant to 42 U.S.C. § 405(g).[1]  Plaintiff argues that the decision is not supported by substantial evidence and should therefore be reversed.  For the reasons set forth in this opinion, this Court finds that the Commissioner's decision is not supported by substantial evidence and should be reversed.

---

[1] This section of the Social Security Act (hereinafter "the Act") provides that any individual may obtain a review of any final decision of the Secretary made subsequent to a hearing to which s/he was a party.  The federal district court for the district in which the plaintiff resides is the appropriate place to bring such action. 42 U.S.C. § 405(g) (2000).

## **PROCEDURAL HISTORY**

On April 14, 1997, Plaintiff applied for Supplemental Security Income benefits and Disability Income benefits. On February 11, 1999, an Administrative Law Judge found the Plaintiff not disabled for purposes of these applications. Plaintiff requested a review by the Appeals Council, which issued an order of remand on June 7, 2002. On January 30, 2003, Administrative Law Judge ("ALJ") Richard L. De Steno again found the Plaintiff not disabled. Plaintiff requested a review by the Appeals Council, which was denied.

Plaintiff filed a complaint in this Court on December 3, 2004, seeking review of the Commissioner's determination, and requesting reversal of the Commissioner's decision. The Commissioner filed an answer, and Plaintiff filed her appeal brief on August 23, 2005.  When counsel for the Commissioner had not submitted a responsive brief within the 30-day period mandated by Local Civil Rule 9.1(a)(4), the Court made several requests to the attorney of record, Karen M. Ortiz, to submit the brief. On October 25, 2005, Ms. Ortiz informed the Court that she would submit the brief by November 15, 2005. On November 22, 2005, this Court entered an order that, if the Commissioner did not submit a brief by December 1, 2005, the matter would be submitted for decision based on Plaintiff's brief alone. No representative of the Commissioner has contacted this Court since October, nor submitted any papers beyond the answer.

Since the Commissioner did not submit a brief by December 1, 2005, this matter has been decided based only on Plaintiff's complaint, Defendant's answer, Plaintiff's brief, and the Social Security Administration record.

## BACKGROUND

Plaintiff Darlene Pinto was born on October 24, 1957. She alleges that she became disabled on December 22, 1995, due to uncontrolled diabetes with neuropathy, depression, thyroid disease, congenital heart defect, and tendonitis. The record contains numerous medical reports which suggest years of struggle with diabetes and considerable secondary emotional difficulties.

In the January 30, 2003 decision, the ALJ performed the five-step disability determination analysis, as required by 20 C.F.R. § 404.1520. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her claimed onset date. At the second step, the ALJ found that Plaintiff had impairments that were severe within the meaning of the Regulations. At the third step, in three short paragraphs, the ALJ found that no impairment was severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix I. The ALJ provided the most detailed analysis of steps four and five. At step four, the ALJ found that Plaintiff could not perform any of her past relevant work. At step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform, and thus, determined that she was not disabled.

## DISCUSSION

**A.   Standard of Review**

The Court has jurisdiction to review the Secretary's decision under 42 U.S.C. § 405(g). The Court must affirm the Secretary's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988) (citing Stunkard, 841 F.2d at 59). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Secretary's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  Under FED. R. CIV. P. 52(a), "[t]he determinations of an administrative law judge will not be set aside unless clearly erroneous." Maloney v. Massanari, 38 Fed. Appx. 820 (3d Cir. 2002).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

In the determination of whether there is substantial evidence to support the Secretary's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973); Curtin v. Harris, 508 F. Supp. 791,793 (D.N.J. 1981). Where

4

there is substantial evidence to support the Secretary's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. Blalock, 483 F.2d at 775.

**B.      Statutory Standards**

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. § 423(d)(5)(2000). To qualify for SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled." 42 U.S.C. § 1381 (2000). A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); see also Nance v. Barnhart, 194 F. Supp. 2d 302, 316 (D.Del. 2002). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). An impairment only qualifies as disabling if it "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

**C.      The Five Step Evaluation Process and the Burden of Proof**

Determinations of disability are made by the Commissioner, pursuant to the five-step process, outlined in 20 C.F.R. § 404.1520 (2003). At the first step of the review, the Commissioner must determine whether the claimant is currently engaged in substantial gainful

activity.[2]  20 C.F.R. § 404.1520(b).  If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied.  Id.; Bowen v. Yuckert, 482 U.S. 137, 141 (1987).

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment.  20 C.F.R. § 404.1520(c).  An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Id.  In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered.  Id.  If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix I.  See 20 C.F.R. § 404.1594(f)(2).  If the claimant's impairment(s) meets or equals one of the listed impairments he will be found disabled under the Social Security Act.  If the claimant does not suffer from a listed impairment(s) or its equivalent, the analysis proceeds to steps four and five.  In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which Listings apply and give reasons why those Listings are not met or equaled.  In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that an ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," but must merely ensure "that there be sufficient explanation to provide meaningful

---

[2] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit."  20 C.F.R. § 404.1510 (2003).

6

review of the step-three determination." An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 470 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will be found to be not disabled under the Act. If the claimant is unable to resume his past work, and his condition is deemed "severe" yet not listed, the evaluation moves to the final step. At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. § 404.1560(c)(1) (2003). If the ALJ finds a significant number of jobs that claimant can perform, claimant will be found not disabled. Id.

**D.**     **Analysis**

Plaintiff contends that ALJ De Steno's decision should be reversed because his determination that Plaintiff's impairments are not of sufficient severity to preclude her from engaging in substantial gainful activity is not supported by substantial evidence. Plaintiff listed three bases for this contention: 1) the ALJ improperly evaluated the medical evidence; 2) the ALJ wrongly evaluated the medical evidence in finding that Plaintiff did not meet an impairment listed in Appendix I; and 3) the ALJ erred as a matter of law in finding that Plaintiff can perform sedentary work.

        *1.*      *The ALJ wrongly evaluated the medical evidence in finding that Plaintiff did not meet a Listed Impairment in Appendix I.*

Plaintiff argues that the ALJ improperly found that Plaintiff did not meet or equal a listed impairment, since the evidence supports a finding that she has met the impairments listed in Appendix I under 9.08, diabetes mellitus; 12.04, affective disorders; and 12.06, anxiety-related disorders.

        a.      Diabetes mellitus

The ALJ addressed the Appendix I impairment criteria for diabetes mellitus. (Tr. 22.) Plaintiff does not argue that she meets criteria B or C, but only that her diabetic neuropathy meets requirement A. The ALJ weighed the evidence of diabetic neuropathy and found that the examination reports of Drs. Wooton and Pollack did not document neuropathy which met requirement A. Plaintiff points only to the examining physician's report dated 11/10/99, listed in the transcript as "source unknown," which lists diagnoses including "peripheral neuropathy." (Tr. 544.) The report gives no other information about the manifestations or severity of that neuropathy. The report does not substantiate Plaintiff's contention that she "has peripheral nerve dysfunction which interferes with her ability to walk and use her hands." (Pl. Br. 28.) While the report does indicate limitations to walking and use of hands, it does not indicate any link between the diagnosis of peripheral neuropathy and such limitations.

The ALJ based his decision that Plaintiff did not meet the criteria for the impairment of diabetes mellitus on substantial evidence. Plaintiff has not pointed to any evidence which would permit this Court to arrive at the conclusion that the ALJ was in error.

        b.      Affective disorders and anxiety-related disorders

The ALJ addressed the Appendix I impairment criteria for affective disorders and

anxiety-related disorders. (Tr. 23.) This is the ALJ's analysis of these issues in its entirety:

> While the mental function restrictions checked off by Dr. Paul Riso in November, 2000 (Exhibit 20F) could be construed as meeting the severity of listings 12.04/06 pertaining to affective disorders and anxiety disorders, respectively, such a magnitude of cognitive or emotional compromise is in no way corroborated by objective medical evidence. Hence, it is concluded that the claimant's impairments do not meet or equal any mental medical listing, as concluded by the state agency psychological consultants at the previous stages of administrative review (Exhibits 6E-7E, B-6F).

(Tr. 23.) This analysis is clearly erroneous.

The first problem is that the ALJ based his conclusion that Plaintiff did not meet the criteria for either listed impairment on two pieces of evidence, but one is not in the record. The report at B-6F is the Mental Residual Functional Capacity Assessment of a consultant (the signature may read "Wayne Tillman, Ph.D."), which found that Plaintiff did not meet or equal the impairment criteria for affective disorders or anxiety-related disorders. (Tr. 768-780.) The second reference, identified as Exhibit 6E-7E, does not appear in the index of the official record, listing all exhibits, which has nothing corresponding to 6E or 7E. The ALJ presents no discussion of either piece of evidence that would allow identification of this second piece of evidence by other means. Thus, in reviewing the ALJ's conclusion, this Court must determine whether the ALJ's analysis of this one report constitutes substantial evidence.

Viewing the record in its entirety, the analysis of the ALJ on this matter does not satisfy the standard for substantial evidence, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The ALJ stated that the report of Dr. Riso could be evidence of severity of impairment sufficient to meet the requirements of the listings, but apparently concluded that, weighing it against the other evidence, it was not persuasive. Although it is not the province of this Court to re-weigh the

evidence presented to the fact-finder, when the ALJ's conclusion is clearly erroneous, his determination should be reversed. This Court need defer to the Commissioner's findings of fact only "if they are supported by substantial evidence." Williams v. Sullivan, 970 F.2d 1178, 1187 (3d Cir. 1992). Here, they are not.

The ALJ explained his conclusion that Dr. Riso's report was not persuasive with this single statement: "such a magnitude of cognitive or emotional compromise is in no way corroborated by objective medical evidence." (Tr. 23.) The ALJ repeated this in unmistakable terms later in the decision: "the extensive mental deficiencies purported by Dr. Riso (Exhibit 20F) cannot be accorded serious consideration, insofar as there is absolutely no objective evidence to corroborate" them. (Tr. 24.) This Court finds these findings of fact to be clearly erroneous.

Earlier in the decision, the ALJ referred to the psychiatric report of Roubini Kambolis, M.D. (Tr. 20; report at Tr. 754-757.) On March 28, 2000, Dr. Kambolis diagnosed a major depressive disorder, with symptoms of limited interest in activities (755), weight loss (754), sleep disturbance (754), difficulty concentrating (756), difficulties in social functioning (755), and difficulties in maintaining concentration (756). These symptoms match the requirements stated in parts A and B of the affective disorders listing, Appendix I § 12.04. The listing states: "The required level of severity for these disorders is met when the requirements in both A and B are satisfied." 20 C.F.R. Part 404, Subpart P, Appendix I § 12.04. Thus, the report of Dr. Kambolis provides evidence that Plaintiff meets requirements A and B of the affective disorder listing in Appendix I. This alone provides objective medical evidence that corroborates Dr. Riso's report.

Further, at a psychiatric evaluation (psychiatrist signature illegible) performed at Hackensack University Medical Center on March 12, 1998, Plaintiff was diagnosed with Major

10

Depression and a Global Assessment of Functioning ("GAF") Scale score of 45. (Tr. 352.) As explained in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders: Fourth Edition, GAF scores in the range of 41-50 indicate "[s]erious symptoms or serious impairment in one of the following: social, occupational, or school functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders: Fourth Edition 32 (1994). Dr. Riso's assessment of severity is thus corroborated by the evaluations of two psychiatrists; the ALJ's determination that it is not corroborated is clearly erroneous, not supported by substantial evidence, and must be reversed.

  The Supreme Court's standard for determining on review that a factual determination is clearly erroneous is met here: although there is evidence to support the ALJ's conclusion, this Court, reviewing the entire record, is left with the definite and firm conviction that a mistake has been committed. United States Gypsum, 333 U.S. at 395.

  Finding that the ALJ's step 3 analysis regarding the severity of Plaintiff's affective disorder is clearly erroneous is sufficient ground to require reversal of the ALJ's disability determination. Orbin v. Barnhart, 38 Fed. Appx. 822 (3d Cir. 2002). Additionally, however, the medical record in evidence has so many references to the Plaintiff's difficulties with anxiety that this cannot be simply dismissed as "in no way corroborated by objective medical evidence." Faced with this record, the ALJ's summary rejection of the extensive documentation of anxiety based on one report does not appear to be consonant with the requirement that the determination be based on such relevant evidence as a reasonable mind might accept as adequate to support the conclusion.

  This Court finds that Plaintiff has met her burden, on appeal, of demonstrating that the Commissioner's determination at step 3 is not supported by substantial evidence and should be

11

reversed. Defendant has offered nothing to rebut Plaintiff's argument.

Plaintiff has met her step 3 burden of showing that her impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix I. See 20 C.F.R. § 416.920(a)(4)(iii). The impairment must also satisfy the duration requirement of 20 C.F.R. § 416.909: "it must have lasted or must be expected to last for a continuous period of at least 12 months." The ALJ made no determination as to duration. In the psychiatric report of March 28, 2000, Dr. Kambolis reported a history of depression since 1997. (Tr. 754.) The psychiatric report of March 12, 1998 from Hackensack University Medical Center diagnosed major depression. (Tr. 352.) Dr. Riso found the Plaintiff severely depressed on November 3, 2000. (Tr. 564.) In the absence of any contrary finding from the ALJ, and in the absence of contrary argument from the Commissioner, this Court determines that substantial evidence supports a finding that Plaintiff's impairment meets the durational requirement of 20 C.F.R. § 416.909. Plaintiff has thus met all the requirements of 20 C.F.R. § 416.920(a)(4)(iii) and must be found disabled under the Social Security Act.

The only question that is unanswered is the date of onset, the date on which the period of disability began. The medical evidence establishes an onset date no later than March 12, 1998, but the Commissioner must determine whether there is evidence to support an earlier date of onset. In addition, if the Commissioner contends that the period of disability has terminated, the date of termination of the period of disability must be established by the standard in Kuzmin v. Schweiker, 714 F.2d 1233, 1238 (3d Cir. 1983). Because this Court has made a determination of disability, Plaintiff would then be entitled to offer testimony which may give rise to the "presumption of continuing disability." Keegan v. Heckler, 744 F.2d 972, 974 (3d Cir. 1984).

Because this Court determines that Plaintiff has qualified as disabled, it need not address

Plaintiff's other arguments.

## **CONCLUSION**

For the reasons stated above, this Court finds that the Commissioner's determination that Plaintiff is not disabled is clearly erroneous and not supported by substantial evidence, and the Commissioner's decision is REVERSED.  Plaintiff's impairment meets the requirements of the Social Security Act, and she is granted benefits for a period of disability.  This case is REMANDED to the Commissioner with the instruction that the Commissioner determine the date of onset of the period of disability and award the appropriate benefits.

Dated: December 27, 2005

                                             S/Joseph A. Greenaway, Jr.
                                             JOSEPH A. GREENAWAY, JR., U.S.D.J.